TODD *v.* FIDELITY & CASUALTY CO. OF NEW YORK.

(Decided May 28, 1934.)

*Messrs. Doyle & Lewis* and *Mr. Harold A. James*, for plaintiff in error.

*Mr. W. W. Campbell* and *Mr. George H. Lewis*, for defendant in error.

LLOYD, J.   On November 9, 1931, the plaintiff in error, George M. Todd, a physician and surgeon, commenced an action in the Court of Common Pleas, wherein he claimed that defendant in error, the Fidelity & Casualty Company of New York, referred to herein as F & C, was indebted to him in the sum of $834.92 for services and expenses paid by him to Doyle & Lewis, attorneys, in defending an action for malpractice theretofore commenced and prosecuted against him by Adolph Netzel.

An indemnity insurance policy had been issued to Todd, wherein F & C agreed to defend in his name and behalf any suit brought against him or his estate "to enforce a claim, whether groundless or not, for damages on account of any malpractice, error or mistake" in the practice of his profession during the term of the policy.   In this policy it was provided that Todd should "at all times render to the company all cooperation and assistance within his power" and should not voluntarily assume any liability; "nor incur any expense without the written consent of the Company previously given."   The policy limited liability of F & C for any loss so resulting from any one claim or suit to $5,000, and its total liability thereunder to $15,000, and provided that the expenses incurred in defending any suit, including the interest on any verdict or judgment, and any costs taxed against Todd, should be paid by F & C in addition to any verdict or judgment against him within the amounts limited in the policy.   The policy provided also that Todd should "immediately forward to the Company at its home

office, or to the agent who has countersigned this policy, every summons ,or other process as soon as the same shall have been served on him'' in any action brought against him to enforce a claim covered by the policy.  On July 21, 1924, Netzel commenced an action in the Court of Common Pleas against Todd, claiming damages of $50,000 for, first, malpractice, and, second, for deceit, misrepresentation and fraud.  Todd promptly delivered the summons served upon him in the action so brought to George H. Lewis, who had theretofore represented F & C as its attorney and claim agent, and Lewis thereupon procured a copy of Netzel's petition, and, after communicating with F & C, advised Todd that F & C would assume full charge of his defense as to the cause of action for the alleged malpractice, but would not defend him against the second cause. of action for alleged deceit, fraud and misrepresentation.  Thereafter Todd consulted Doyle & Lewis, who in turn consulted George Lewis as to the defense of the action brought against Todd, and also corresponded with a B. M. Duncan, of Cleveland, an examiner and attorney of F & C, who on October 22, 1924, advised Doyle & Lewis by letter that F & C would ''without any reservations whatever'' defend the action, and that its Toledo attorney, George H. Lewis, would take full charge of the defense.  Mr. McLellan, who had theretofore assisted Mr. George Lewis in cases in which F & C was interested, was requested by Lewis to assist him in the trial of the Todd case, but for some reason declined to do so.  Some little time after the commencement of the action, Todd and George Lewis went to Cleveland in relation to the facts involved in Netzel's alleged cause of action, and, later, at the request of George Lewis, Mr. Howard Lewis of Doyle & Lewis represented Todd in the taking of the latter's deposition by attorneys of Netzel, Mr. George Lewis being also present thereat; and Mr. Robert Newbegin of Doyle & Lewis,

at the request, he says, of either Mr. George Lewis or Mr. Duncan, attended the taking of depositions in Cleveland, of which there were at least five, he alone, at the request of Mr. Duncan, taking an active part therein. Four other depositions were taken, of which Newbegin similarly had charge. The names of Doyle & Lewis and George H. Lewis appear as representing Todd on the answer filed in his behalf. Newbegin participated actively in the trial of the case. Present with him was Mr. George Lewis and a Mr. Roberts of Cleveland, an associate of Mr. Duncan, who, so far as the evidence discloses, had not theretofore had any part in the case.

The trial resulted in a directed verdict for Todd, which was reversed by the Court of Appeals. On a retrial, a verdict and judgment in favor of Todd were sustained. A bill for the services performed by them in relation to the first trial was presented by Doyle & Lewis to F & C, which was rejected, and thereafter it was paid by Dr. Todd. Hence this action by Todd to recover of F & C the amount so paid. Upon the trial, and at the close of the evidence offered by Todd, the Court of Common Pleas directed a verdict in favor of F & C, and Todd is now here seeking a reversal of the judgment entered on this verdict.

F & C contends that the judgment is correct, because, as alleged in its answer, "the services of said firm of Doyle & Lewis were obtained by the plaintiff (Todd) solely for his own benefit", and also because all of the evidence offered in behalf of Todd "is to the positive effect that the services rendered by Doyle & Lewis, in the Netzel case, were rendered to and for the insurance company and at its request, that the employment was by the insurance company and that Dr. Todd had nothing to do with such employment, did not request the attorneys to act in the case in connection with the services named in their bill, and was never at any time in any way, shape or manner obligated for its payment; in making payment to Doyle & Lewis,

Todd was a mere volunteer", and that "no assignment, sale or transfer of said claim to Todd by Doyle & Lewis, was ever made, pretended to be made or suggested."

The evidence offered in behalf of Todd certainly tended to prove that F & C had agreed to pay for the services so performed by Doyle & Lewis within the provisions of the policy providing that it would pay the expenses incurred in defending Todd in the action brought against him by Netzel. And, since the services performed by Doyle & Lewis were primarily for the benefit of Todd, he could not be said to be a mere volunteer in paying for the services rendered by them, upon the refusal of F & C to do so; and, also, since if the fact were found to be that F & C employed Doyle & Lewis for their alleged services, even though there was not a formal assignment to him by Doyle & Lewis of their claim, the law under such circumstances would imply such assignment.

The judgment of the Court of Common Pleas is reversed and the cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.